UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TINA O'HERN and DENNIS O'HERN,

    Plaintiffs,

v.                                      Case No.  8:11-cv-1039-T-30AEP

STEPHEN A. BORTONE, PATRICIA
KENNEDY and CATHY READINGER,
all in their individual capacities,

    Defendants.
_____/

## ORDER

THIS CAUSE comes before the Court upon Defendants Stephen A. Bortone, Patricia Kennedy and Cathy Readinger's Motion to Dismiss (Dkt. 10), and Plaintiff's Response in opposition (Dkt. 11) and Defendants' reply (Dkt. 15).  Upon review, the Court concludes that Defendants' Motion should be granted with the opportunity to amend within 30 days.

## BACKGROUND

Plaintiffs Tina O'Hern ("Wife") and Dennis O'Hern ("Husband"), allege in their complaint Defendants Stephen A. Bortone, Patricia Kennedy and Cathy Readinger decision to discharge Plaintiff Wife from her position with The Gulf of Mexico Fishery Management Council ("the Council") violated their First Amendment rights.

Plaintiff Wife was employed by The Gulf of Mexico Fishery Management Council, one of eight regional Fishery Management Councils established by the Fishery Conservation and Management Act of 1976. She was discharged in November of 2010. Defendants are managerial officials of the Council who act under color of federal law.

It is alleged that prior to Plaintiff Wife's marriage to Plaintiff Husband, she was a valued employee of the council and attended most of the Council meetings. Plaintiff Wife married Plaintiff Husband in April 2007.

Plaintiffs allege in their complaint that following her marriage to Husband, Plaintiff Wife was discouraged from utilizing her newly-acquired married name by one or more Defendants because of Plaintiff Husband's position with the Fish Rights Alliance, Inc. ("FRA"). And the Complaint alleges Defendants have been hostile toward and condemned the advocacy work engaged in by the FRA and Plaintiff Husband regarding fishery management plans proposed by the Council.

Allegedly beginning in 2008, Plaintiff Wife was targeted for harassment by Defendant Kennedy both because Plaintiff Wife was married to Plaintiff Husband and because he engaged in activities protected by the First Amendment during Council meetings and otherwise through his duties as Executive Director of the FRA.

Plaintiff Wife alleges that she was removed from Defendant Kennedy's direct supervision in the months directly proceeding her termination, and Defendants unlawfully caused and personally participated in the discharge of Plaintiff Wife. Defendants placed Plaintiff Wife under Defendant Readinger in an effort to manufacture a smoke screen to

conceal Defendant Kennedy's animus against Plaintiff. The Complaint further alleges the reason for Plaintiff Wife's termination was a complete pretext for discrimination and retaliation.

## DISCUSSION

**I.     Standard of Review on a Motion to Dismiss**

Determining the propriety of granting a motion to dismiss requires courts to accept all factual allegations in the complaint as true and evaluate all inferences derived from those facts in the light most favorable to the plaintiff. *See Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir. 1994). Nonetheless, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003). To survive a motion to dismiss, a plaintiff"'s complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955, 1960 (2007). While in the ordinary case a plaintiff may find the bar exceedingly low to plead only more than "a statement of facts that merely creates a suspicion [of] a legally cognizable right of action," it is clear that "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1959, 1965; *see also Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 974, n.43 (11th Cir. 2008) (noting the abrogation of the "no set of facts" standard and holding *Twombly* "as a further articulation of the standard by which to evaluate the sufficiency of all

claims"). Absent the necessary factual allegations, "unadorned, the-defendant-unlawfully-harmed-me accusation[s]" will not suffice. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).

## II.    Defendants' Motion to Dismiss

### A.    *Bivens* Action Pursuant to the First Amendment

Plaintiffs Counts I, II, and III are based on First Amendment claims brought pursuant to *Bivens v. Six Unknown Named Agents,* 403 U.S. 388 (1971). *Bivens* allows suits to be brought under the Constitution where Congress has not explicitly proscribed such actions. *Id.*

Plaintiffs argue that the defendants are liable under *Bivens* since Plaintiff Wife has no statutory or administrative remedy against her discharge. The Supreme Court has "refused to extend Bivens liability to any new context or new category of defendants." *Corr. Services Corp. v. Malesko*, 534 U.S. 61, 68 (2001). Specifically in regards to the First Amendment, the Supreme Court "has declined to extend *Bivens* to permit a claim." *Iqbal*, 129 S.Ct. at 1948 (citing *Bush v. Lucas*, 462 U.S. 367, 103 S. Ct. 2404, (1983)).

In the instant case if the Court were to deny the Defendants Motion to Dismiss it would extend *Bivens* liability to a "new context". *Id.* Therefore, Counts I, II, and III should be dismissed with prejudice.

Even if Counts I, II, and III could be brought pursuant to *Bivens*, they would be dismissed because the defendants have qualified immunity.

### B. Qualified Immunity

"The doctrine of qualified immunity protects government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or Constitutional rights of which a reasonable person would have known." *Pearson v. Callahan*, 129 S. Ct. 808, 815 (2009). (quoting *Harlow v. Fitrzgerald*, 457 U.S. 800, 818 (1982)) (internal quote omitted). Qualified immunity "is an immunity from suit rather than a mere defense to liability." *Saucier v. Katz*, 533 U.S. 194, 200-01 (2001).

To be entitled to qualified immunity, an official must demonstrate he was acting within the scope of his discretionary authority. *Storck v. City of Coral Springs*, 354 F.3d 1307, 1314 (11th Cir. 2003). Then to overcome this immunity, a plaintiff must show that a reasonable official would understand that the action taken would violate a recognized right. *Pearson v. Callahan*, 129 S. Ct. 808, 815 (2009).

The first inquiry is "whether the government employee was (a) performing a legitimate job-related function (that is, pursuing a job-related goal), (b) through means that were within his power to utilize." *See Holloman ex. rel. Holloman v. Harland*, 370 F. 3d 1252, 1265 (11th Cir. 2004). "In applying each prong of this test, we look to the general nature of the defendant's action, temporarily putting aside the fact that it may have been committed for an unconstitutional purpose, in an unconstitutional manner, to an unconstitutional extent, or under constitutionally inappropriate circumstances." *Id.* at 1266.

In the instant case, Dr. Stephen Bortone is the Executive Director for the Council. As the Executive Director, Dr. Bortone guides the overall direction of the Council, implements

the business and administrative policies of the Council, and oversees employees' assessments including personnel evaluations, promotions, merit and performance awards. Defendant Cathy Readinger is the Administrative Officer for the Council. She assists the Executive Director and the Deputy Executive Director in the development of policies, procedures and programs regarding the administrative management of the Council's operations and for budgeting, finance and personnel management. Defendant Patricia Kennedy is the Office Manager for the Council serving as Secretary to the Executive Director and the Deputy Executive Director. Kennedy was Plaintiff Wife's immediate supervisor. The termination of an employee is within the discretionary authority of these officials.

To overcome qualified immunity, "The contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Anderson v. Creighton*, 483 U.S. 635, 640 (1987). In the complaint, Plaintiffs fail to reference any specific speech or statement that was the basis for Plaintiff Wife's termination. The complaint also fails to demonstrate any specific speech that Plaintiff Husband made that could be construed as protected under the First Amendment.

Therefore, the bar to overcome qualified immunity has not been met and the Defendants are immune to liability for civil damages. It is therefore

ORDERED AND ADJUDGED that:

1. Defendants Stephen A. Bortone, Patricia Kennedy, and Cathy Readinger's Motion to Dismiss (Dkt. 10) is hereby GRANTED, with prejudice as to the *Bivens* claims.

2. Plaintiffs are granted (30) days within which to amend with other claims if they wish, failing which the complaint will be dismissed with prejudice.

**DONE** and **ORDERED** in Tampa, Florida on June 11, 2012.

*/s/ James S. Moody, Jr.*
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

S:\Odd\2011\11-cv-1039.mtd 10.wpd