UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**TINA O'HERN and DENNIS O'HERN,**

    Plaintiffs,

v.                                       Case No.  8:11-cv-1039-T-30AEP

**STEPHEN A. BORTONE, PATRICIA KENNEDY and CATHY READINGER,**

    Defendants.
_____/

## ORDER

THIS CAUSE comes before the Court upon Defendants' Dispositive Motion to Dismiss Second Amended Complaint and Memorandum of Law (Dkt. 32) and Plaintiffs' Memorandum in Opposition to Defendants' Motion to Dismiss Second Amended Complaint (Dkt. 33).  The Court, having considered the motion, response, and being otherwise advised of the premises, concludes that the motion should be granted.

The Court has already addressed the background facts giving rise to this action in its order of June 6, 2012 (Dkt. 19).  In that order, the Court dismissed the O'Herns' complaint for failure to state a cause of action because they premised their *Bivens* claims on violations of the First Amendment.  In their amended complaint (Dkt. 20), the O'Herns asserted First and Fourteenth Amendment violations.  In their second amended complaint (Dkt. 29), they have exchanged the Fifth Amendment for the Fourteenth Amendment, but continue to assert First Amendment violations of their right to intimate association and expressive conduct.

## MOTION TO DISMISS STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) allows a complaint to be dismissed for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). When reviewing a motion to dismiss, a court must accept all factual allegations contained in the complaint as true, and view the facts in a light most favorable to the plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007). However, unlike factual allegations, conclusions in a pleading "are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009). On the contrary, legal conclusions "must be supported by factual allegations." *Id.* Indeed, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).

## DISCUSSION

**I.    Plaintiffs'** ***Bivens*** **Claims Premised on the First and Fifth Amendments**

The First Amendment protects the right to intimate association. *Roberts v. U.S. Jaycees*, 468 U.S. 609, 617-18 (1984). "[T]he right of intimate association encompasses the personal relationships that attend the creation and sustenance of a family - marriage, childbirth, the raising and education of children, and cohabitation with one's relatives." *McCabe v. Sharrett*, 12 F. 3d 1558, 1563 (11th Cir. 1994). The Due Process Clause protects the fundamental right to marry. *Washington v. Glucksberg*, 521 U.S. 702, 720 (1997); *Loving v. Virginia*, 388 U.S. 1, 12 (1967).

However, neither a violation of the First Amendment right to intimate association nor the Fifth Amendment right to marriage gives rise to a recognized *Bivens* action. Because implied causes of action are disfavored, the Supreme Court has consistently declined to extend *Bivens* liability, including a claim sounding in the First Amendment. *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009). Additionally, the only recognized *Bivens* action based upon the Fifth Amendment concerned gender discrimination, not the right to marry. *Davis v. Passman*, 442 U.S. 228 (1979). Extension of implied liability seems highly unlikely, as the Supreme Court has staunchly stated, "*Bivens* is 'a relic of the heady days in which this Court assumed common-law powers to create causes of action' by constitutional implication." *Minneci v. Pollard*, 132 S. Ct. 617, 626 (2012) (Scalia, J., concurring) (*quoting Correctional Servs. Corp. v. Malesko*, 534 U.S. 61, 75 (2001) (Scalia, J., concurring)).

Furthermore, the Eleventh Circuit has held that even when the comprehensive statutory scheme established by Congress relating to federal employment (CSRA) provides no administrative or judicial review for adverse personnel actions, a job-related *Bivens* action is precluded. *Lee v. Hughes*, 145 F.3d 1272, 1275 (11th Cir. 1998).[1] The exclusion of certain employees from remedies provided by the CSRA is the result of considered congressional judgment, and courts are therefore not entitled to supplement this absence with judicial remedies. *Id.* at 1276-77.

---

[1] *See also Jones v. Tenn. Valley Auth.*, 948 F.2d 258, 264 (6th Cir.) ("In the field of federal employment, even if no remedy at all has been provided by the CSRA, courts will not create a *Bivens* remedy.").

Lastly, adverse personnel action by the government only gives an injured spouse standing to raise the same claims as their directly impacted spouse who was subject to the constitutional violation. *Horstkoetter v. Dep't of Public Safety*, 159 F.3d 1265, 1279 (10th Cir. 1998) (holding that highway patrol troopers' wives only had standing to raise derivatively the same First Amendment claims as their husbands). Although they suffer indirect economic injuries sufficient to confer standing, their constitutional rights are not being directly curtailed, thus they lack standing to mount a separate and independent constitutional challenge. *Id.*.

The O'Herns assert that Ms. O'Hern's right of intimate association under the First and Fifth Amendments was violated by the Defendants. They also assert that Mr. O'Hern's rights of intimate association and expressive conduct under the First and Fifth Amendments were violated by the Defendants' actions towards his wife. Because Ms. O'Hern has no statutory remedies for termination from her employment by the Fishery Management Council, they are seeking redress through a *Bivens* action against the Defendants. The Defendants have moved to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6).

As discussed above, the right of intimate association derives from the First Amendment, not the Fifth Amendment. There is no recognized *Bivens* remedy for violations of the First Amendment. It is unclear if Ms. O'Hern is also asserting a violation of her right to marry under the Fifth Amendment. However, even if she intended to assert such a violation, there is no recognized *Bivens* remedy for violations of the Fifth Amendment right to marry. Additionally, the Court cannot extend *Bivens* to allow for a cause of action in this

context because of congressional intent to exclude certain federal employees from statutory remedies. Therefore, Ms. O'Hern cannot state a cause of action under *Bivens* that would entitle her to relief, whether framed as a First Amendment or Fifth Amendment violation.

Finally, because Mr. O'Hern only has standing to raise, derivatively, the same claims as his wife, and because her *Bivens* action fails, his also must fail. In addition to the claim of violation of his right to intimate association, Mr. O'Hern raises a violation of his right to expressive conduct under the First Amendment. However, as repeatedly stated, there is no recognized *Bivens* action for First Amendment violations. Therefore, even if his claims based on expressive conduct were not precluded because of his limited standing, his claims would still fail for failure to state a cause of action upon which relief can be granted.

## II.   Defendants' Qualified Immunity

Assuming the O'Herns' could proceed with Counts I and II pursuant to *Bivens*, they would not succeed on the issue of qualified immunity.

To be entitled to qualified immunity, an official must demonstrate he was acting within the scope of his discretionary authority when the allegedly unconstitutional acts took place. *Storck v. City of Coral Springs*, 354 F.2d 1307, 1314 (11th Cir. 2003). As the Court already explained in its order of June 6, 2012 (Dkt. 19), all three defendants were clearly acting within their discretionary authority when they terminated Ms. O'Hern.

Once the defendant has established he was acting within the scope of his discretionary authority, the burden shifts to the plaintiff to establish that qualified immunity does not apply. *Id.* The Supreme Court created a two-part test to determine qualified immunity

claims: whether the plaintiff's allegations show a constitutional violation and whether the right at issue was clearly established at the time of the alleged misconduct. *Saucier v. Katz*, 533 U.S. 194, 201 (2001). The sequence of consideration is no longer mandatory. *Pearson v. Callahan*, 555 U.S. 223, 236 (2009).

In the public employment context, the Eleventh Circuit has applied the *Pickering* balancing test to allegations of a constitutional violation of the right to intimate association. *Starling v. Bd. of Cnty. Comm'rs*, 602 F.3d 1257, 1261 (11th Cir. 2010). Under this test, the plaintiff must first establish (1) that an adverse employment action occurred and (2) that the protected intimate association was a "substantial" or "motivating" factor in the employer's decision. *Id.* at 1261 n.1. Then, the court weighs "the employee's interest in the exercise of a constitutional right against the employer's interest in maintaining an efficient workplace" to assess the constitutionality of burdens placed on those rights. *Id.* at 1260-61 (*quoting Shahar v. Bowers*, 114 F.3d 1097, 1103 (11th Cir. 1997) (Tjoflat, J., concurring specially)).

And the Supreme Court requires that "[t]he contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Anderson v. Creighton*, 483 U.S. 635, 640 (1987). Although the general First Amendment right to intimate association, particularly the right to marry whom one wants, has been clearly established, *McCabe*, 12 F.3d at 1563, the unlawfulness of terminating Ms. O'Hern simply for her marriage to Mr. O'Hern, if true, is not apparent given the specific factual context. There is no binding precedent from the Supreme Court or the Eleventh Circuit with these particular facts that has held unconstitutional an employer's decision to discharge an

employee. Thus, the Defendants would be entitled to qualified immunity because the constitutional right is not clearly defined in this context.

It is therefore ORDERED AND ADJUDGED that:

1. Defendants' Motion to Dismiss Second Amended Complaint (Dkt. 32) is GRANTED.

2. This action is dismissed with prejudice.

3. The Clerk of Court is directed to close this case and terminate any pending motions as moot.

**DONE** and **ORDERED** in Tampa, Florida on October 1, 2012.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Odd\2011\11-cv-1039.mtdismissamendedcomplaint.frm